

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VITO & NICK'S, INC., | ) |
| Plaintiff, | ) |
| v. | ) No: 05 C 2764 |
| NICHOLAS V. BARRACO; VITO & NICK'S II, INC.; and JOHN DOES | ) Judge John W. Darrah |
| Defendants. | ) |
| v. | ) |
| NICHOLAS V. BARRACO, | ) |
| Defendant / Third-Party Plaintiff, | ) |
| v. | ) |
| ROSEMARY GEORGE, | ) |
| Third-Party Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

On May 9, 2005, Plaintiff, Vito & Nick's, Inc., filed this action (the "Complaint"). The Complaint alleges trademark infringement, unfair competition, deceptive trade practices, and unjust enrichment against Defendants Nicholas V. Barraco ("Barraco"), Vito & Nick's II, and John Does (collectively, the "Defendants"). On July 13, 2005, Barraco filed a Third-Party complaint against his sister, Rosemary George ("George"), alleging tortious conversion and negligence and seeking a *in personam* judgment against George. The Third-Party Complaint

1

alleges that George acted tortiously by allegedly: failing to preserve the assets of their father's estate and failing to distribute other assets pursuant to the decedent's wishes by allegedly redistributing the shares of stock in Defendant, Vito & Nick's, Inc. to herself; failing to pay rent on the Vito & Nick's Inc. property to her siblings, including Barraco, as allegedly required by their father's Last Will and Testament (the "Will"); and converting funds from their father's estate for George's personal use. This comes before this Court on George's Motion to Dismiss the Third-Party Complaint pursuant to 12(b)(1). George asserts that the Third-Party Complaint falls within the probate exception and, thus, that the Court lacks federal subject matter jurisdiction. George asserts that the matters in the Third-Party Complaint are properly adjudicated in a pending probate proceeding filed in early 2003 and currently pending before Judge James Kennedy in the Probate Division of Cook County, in Chicago, Illinois, Case No. 03-P-0001126.

## LEGAL STANDARD

Generally, in reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993). Documents which are referred to in a complaint and are central to a claim, as well as any matters of public record, may be considered on a motion to dismiss. *See Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002); *Henson v. CSC Credit Serv.*, 29 F.3d 280, 284 (7th Cir. 1994). A plaintiff is not required to plead the facts or elements of a claim. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Dismissal

is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

## ANALYSIS

After George's filed her initial motion, but before Barraco's response or George's reply were filed, the Supreme Court issued a decision clarifying the contours of the probate exception. *Marshall v. Marshall*, 126 S. Ct. 1735 (2006) (*Marshall*). The parties disagree about the application of *Marshall*. According to George, the Third-Party Complaint amounts to a disguised will contest, which is within the probate exception, even after *Marshall*, and should be left to Probate Division of Cook County, before whom the probate of their father's Will is currently pending. George asserts the main issue in the Third-Party Complaint is the interpretation of the Fifth and the Sixth Article of the Will. Barraco states the probate exception does not apply because the Third-Party Complaint touches on neither the administration of the Will, nor does it involve *in rem* jurisdiction. According to Barraco, the Third-Party Complaint seeks an *in personam* judgment for damages caused by tortious conduct, specifically conversion and negligence.

In *Marshall*, the petitioner, decedent's wife, filed bankruptcy in California while her late husband's estate was subject to ongoing probate proceedings in Texas. *Marshall*, 126 S. Ct. at 1737. After the respondent, one of the decedent's sons from a previous marriage, filed a proof of claim in the bankruptcy proceeding alleging that the petitioner had defamed him. *Marshall*, 126

S. Ct. at 1737. The petitioner filed counterclaims, alleging that the respondent had tortiously interfered with her inheritance gift expectancy by making misrepresentations to the decedent, and by transferring property against the decedent's expressed wishes. *Marshall*, 126 S. Ct. at 1737. Then the bankruptcy court granted judgment to the petitioner on the tortious interference claim, the district court affirmed, and the Ninth Circuit reversed holding that the bankruptcy court lacked jurisdiction over the counterclaim because of the probate exception. *Marshall*, 126 S. Ct. at 1737-38. The Court noted that lower courts have reached varying conclusions as to what interference with probate proceedings entails and clarified this to mean that "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." Marshall, 126 S.Ct. at 1748 (*citing Penn Gen. Cas. Co. v. Pennsylvania ex rel. Schnader*, 294 U.S. 189, 195-96 (1935); *Waterman v. Canal- Louisiana Bank & Trust Co.*, 215 U.S. 33, 35-36 (1909)). The Court then reversed the Ninth Circuit, holding that while the probate exception "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court," the probate exception "does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Marshall*, 126 S. Ct. at 1748. In so holding, the Court appears to overturn the holding in *Storm v. Storm*, 328 F.3d 941, 943-945 (7th Cir. 2003), in which the Seventh Circuit held that "probate exception" to federal diversity jurisdiction applied to bar federal subject matter jurisdiction in a case where the plaintiff's father allegedly tortiously interfered with plaintiff's inheritance by persuading trust grantor to amend irrevocable *inter vivos* trust. *Marshall*, 126 S.Ct. at 1747.

The facts here are analogous to those in *Marshall*. In his Third-Party Complaint, Barraco alleges that George engaged widely recognized tort (tortious conversion and negligence). Barraco seeks *in personam* judgment for damages caused by George's alleged tortious conduct. *Marshall* narrowed the scope of the probate exception. A federal court can properly exercise jurisdiction over tortious conduct claim that seeks *in personam* judgment, notwithstanding the fact that the claim touches upon issues in the probate court, so long as the claim does not involve "the administration of an estate, the probate of a will, or any other purely probate matter." *Marshall*, 126 S.Ct. At 1738. This case does not fall within the probate exception to this Court's jurisdiction.

## CONCLUSION

For the foregoing reasons, the Third-Party Defendant's Motion to Dismiss the Third-Party Complaint is denied.

Dated: September 6, 2006

JOHN W. DARRAH
United States District Court Judge

5