**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **VITO & NICK'S, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **No. 05 C 2764** |
| | ) | |
| **NICHOLAS V. BARRACO and VITO &** | ) | **Judge Nan R. Nolan** |
| **NICK'S II, INC. and JOHN DOES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff Vito & Nick's, Inc. filed suit against Defendants Nicholas V. Barraco, Vito & Nick's II, Inc. and certain John Does, alleging trademark infringement and unfair competition under 15 U.S.C. § 1125(a); violation of the Illinois Trademark Registration and Protection Act, 765 ILCS 1036/65; violation of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*; unfair competition under common law; and unjust enrichment.  Defendants denied all charges and filed a third-party complaint against Plaintiff's owner, Rosemary George, alleging unlawful conversion of assets.  Following protracted and ultimately unsuccessful settlement negotiations, on March 6, 2008, Plaintiff's case was dismissed with prejudice for want of prosecution.[1]  Defendants have moved for costs pursuant to FED. R. CIV. P. 54(d)(1) and 28 U.S.C. § 1920.  They also seek attorneys' fees, arguing that Plaintiff filed an oppressive lawsuit in bad faith.  *See* 15 U.S.C. § 1117(a).  For the reasons set forth here, Defendants are awarded $7,980.32 in costs, but the motion for fees is denied.

---

[1]     The court also granted Defendants/Third-Party Plaintiffs' oral motion to dismiss the third-party complaint without prejudice, with each side bearing its own costs and fees.  (Minute Order of 3/6/08, Doc. 103.)

## BACKGROUND

Plaintiff is an Illinois corporation that operates Vito & Nick's pizza restaurants in Chicago and Lemont, Illinois. Nicholas A. Barraco ("Nick") started the business in 1947, and ran it until his death on December 30, 2002. This lawsuit arose out of a dispute between Nick's daughter, Rosemary George ("Rose"), who claims to be the sole owner of the original Vito & Nick's restaurants, and Rose's brother, Nicholas Barraco ("Nicholas"), who now operates Vito & Nick's II and has licensed his corresponding trademark to various John Doe franchisees. Rose alleged that Nicholas was engaging in the unauthorized use of the Vito & Nick's mark, and deceptively passing his restaurants off as an extension of the original Vito & Nick's business. Nicholas charged Rose with improperly re-distributing ownership of the shares of Vito & Nick's; converting business funds for her own use; and failing to preserve the assets of Nick's estate.

In September 2006, this court began working with the parties in an attempt to negotiate a settlement agreement. Discussions continued for six months, and the court invested substantial time and effort in trying to assist the parties in resolving their dispute. In early 2007, however, negotiations broke down and the court returned the case to the district court. (Minute Order of 2/9/07, Doc. 62.) Shortly thereafter, on March 1, 2007, the parties consented to the jurisdiction of this court and entered into an Agreed Scheduling Order for conducting and completing discovery. (Joint Consent, Doc. 66; Minute Order of 3/22/07, Doc. 70.) Defendants served Plaintiff with written discovery requests, and ultimately filed two motions to compel in order to secure the requested information. (Doc. 74, 81.) Defendants claim that Plaintiff nonetheless never responded fully to all of their outstanding requests.

On August 31, 2007, the parties participated in a day-long private mediation. They reached a tentative global settlement, conditioned on (1) all of the Barraco family siblings agreeing to the terms; and (2) Rose securing funds within 30 days to pay for the agreed-upon settlement amount. By November 2007, Rose still had not raised the settlement funds; she was refusing to sit for a

2

deposition; and her counsel was seeking to withdraw.  (Doc. 94.)  On December 18, 2007, the court

explained that a corporation cannot proceed *pro se* in federal court, and ordered Plaintiff to appear

for a hearing on January 8, 2008 with newly retained counsel.  (Minute Order of 12/18/07, Doc. 98.)

On January 8 and February 7, 2008, Rose twice appeared before the court without new counsel,

requesting continuances.  (Doc. 99, 100.)  Finally, on March 6, 2008, the court granted Defendants'

motion to dismiss for want of prosecution "for Plaintiff's failure to obtain substitute counsel."  (Minute

Order of 3/6/08, Doc. 103.)

Defendants now seek to recover their costs of defending Plaintiff's lawsuit, as well as

$703,506.49 in attorneys' fees.

## DISCUSSION

### I.    Motion for Costs

Federal Rule of Civil Procedure 54(d)(1) provides that, except when express provision is

made in a statute or federal rule of civil procedure, a prevailing party shall be allowed to recover

costs, other than attorneys' fees, as a matter of course "unless the court otherwise directs."  Rule

54(d) creates a "strong presumption" that the prevailing party will recover costs, and that

presumption is difficult to overcome.  *Mother and Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir.

2003); *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997).  Under 28

U.S.C. § 1920, a prevailing party may recover (1) fees of the clerk and marshal, (2) fees for

transcripts, (3) fees for printing and witnesses, (4) fees for copies necessarily obtained for use in

the case, (5) docket fees, and (6) compensation of court appointed experts and interpreters.  In

assessing a bill of costs, the court must determine whether the costs are allowable and, if so,

whether they are both reasonable and necessary.  *Soler v. Waite*, 989 F.2d 251, 255 (7th Cir.

1993); *Ismail v. Potter*, No. 05 C 409, 2006 WL 3754840, at *1 (N.D. Ill. Dec. 20, 2006).  *See also*

*Barber v. Ruth*, 7 F.3d 636, 644 (7th Cir. 1993) ("District courts may not . . . award costs not

authorized by statute.") Plaintiff bears the burden of affirmatively showing that Defendants are not entitled to costs in this case. *Rivera v. City of Chicago*, 469 F.3d 631, 636 (7th Cir. 2006).

There is no dispute here that the court entered judgment in Defendants' favor on March 6, 2008, and that they are the "prevailing parties" in this lawsuit. (Judgment, Doc. 104.) *See Republic Tobacco Co. v. North Atlantic Trading Co.*, 481 F.3d 442, 446 (7th Cir. 2007) (quoting Moore's Federal Practice § 54.101[3] (3d ed. 2006)) ("Courts and commentators have interpreted 'prevailing party' to mean 'the party in whose favor judgment has been entered.'") Defendants thus seek four categories of allowable costs, totaling $8,947.55: (1) $654 for service of summons and subpoena; (2) $5,314.22 for court reporter and transcript fees; (3) $205.43 for witness fees; and (4) $2,773.90 for copying expenses. (Def. Supp. Submission, Ex. A.) Plaintiff has not objected to these costs, but the court will nonetheless consider whether they are allowable and, if so, whether they are both reasonable and necessary. *Soler*, 989 F.2d at 255.

### A.   Service of Summons and Subpoena

Defendants are requesting $654 in fees for service of summons and subpoena, including (1) $85 for a deposition subpoena to Roland Jurgens; (2) $199 for a deposition subpoena to Maria Barraco; (3) $85 for a deposition subpoena to Larry George; (4) $120 for document subpoenas to US Bank, James Hosty and Harris NA; (5) $40 for a document subpoena to Evergreen Community Bank; and (6) $125 for service of the document subpoena on Evergreen Community Bank. (Def. Supp. Submission, Ex. A, at 2.) The court finds these amounts reasonable and awards Defendants $654 for these expenses.

### B.   Court Reporter and Transcript Fees

Defendants next seek $5,314.22 for copies of deposition transcripts and video recordings relating to three deponents: (1) Roland Jurgens; (2) Larry George; and (3) Maria Barraco. The Seventh Circuit recently held that Rule 30(b) "allow[s] the costs of both video-recording and stenographic transcription to be taxed to the losing party." *Little v. Mitsubishi Motors N. Am., Inc.*,

4

514 F.3d 699, 702 (7th Cir. 2008).  Defendants did not use the transcripts for summary judgment or trial, but that is only because Plaintiff abandoned its case.  *See Little*, 514 F.3d at 702 (where the defendant used a "video-recorded deposition to support its motion for summary judgment, . . . the stenographic transcript of that deposition was necessarily obtained for use in the case.")  To the extent Mr. Jurgens, Mr. George and Ms. Barraco were not parties to this lawsuit, the court agrees that both types of fees were reasonably necessary in this case.  *See Fairley v. Andrews*, No. 03 C 5207, 2008 WL 961592, at *11 (N.D. Ill. Apr. 8, 2008) (awarding fees for video recordings and stenographic transcripts in connection with the depositions of all non-parties because "there was a reasonable possibility that they would be unavailable for trial.")  That said, some of the specific costs requested are not recoverable, as discussed below.

### 1.    Roland Jurgens

Defendants have requested $826.02 in court reporting fees, and $772.75 in videographer fees for the Jurgens deposition.  The court reporting fees include, among other things, (1) $416.25 for 111 transcript pages at $3.75 per page; (2) $44.85 for a word index; (3) $149.85 for an ASCII diskette; and (4) $80.70 for a "TotalTranscript" package.  At the time of Mr. Jurgens's June 27, 2006 deposition, the established rate of the Judicial Conference for deposition transcripts was $3.30 per page.  *See Fairley*, 2008 WL 961592, at *5.  *See also Tumas v. Board of Educ. of Lyons Tp. High Sch. Dist. No. 204*, No. 06 C 1943, 2008 WL 611601, at *1 (N.D. Ill. Feb. 29, 2008).  Thus, Defendants may recover $366.30 for the transcript copy (111 pages x $3.30).

The three additional requests must be denied in total.  "As a general rule, a court should not award costs for condensed transcripts, indexes and ASCII diskette copies of the transcripts unless the movant can show that the items were reasonably necessary for the litigation and not acquired for the attorneys' convenience."  *Pruitt v. City of Chicago*, No. 03 C 2877, 2005 WL 2483355, at *2 (N.D. Ill. Oct. 5, 2005).  Defendants have not made such a showing in this case.  With respect to the "TotalTranscript" package, the court understands from the court reporting service's website that

it reflects a CD version of the transcript, exhibits and video, as well as a minuscript version. (http://www.merrillcorp.com/cps/rde/xchg/merrillcorp/hs.xsl/1127_1130.htm.) Defendants have not demonstrated that this package was reasonably necessary for the litigation, and it is not allowed. Absent any objection from Plaintiff regarding the $772.75 in videographer fees, however, the court concludes that the full amount is reasonable and recoverable. *Little*, 514 F.3d at 702.

In sum, Defendants may recover $1,273.42 for the Jurgens deposition ($500.67 in court reporting fees + $772.75 in videographer fees).

## 2. Larry George

Defendants are seeking $798.52 in court reporting fees, and $886.75 in videographer fees for the July 25, 2006 deposition of Larry George. The court reporting fees include: (1) $498.75 for 133 transcript pages at $3.75 per page; (2) $41.40 for a word index; and $107.50 for a TotalTranscript package. (Ex. A to Def. Second Supp. Submission.) For the reasons stated earlier, Defendants may only recover $3.30 per page for the deposition transcript. *See Fairley*, 2008 WL 961592, at *5. The court thus awards $438.90 for the transcript copy (133 pages x $3.30). The costs of the word index and TotalTranscript package are denied. *Pruitt*, 2005 WL 2483355, at *2. Absent any objection from Plaintiff regarding the $886.75 in videographer fees, the court concludes that this amount is reasonable and recoverable. *Little*, 514 F.3d at 702.

Defendants have also requested an additional $190.88 in court reporting fees and $265.50 in videographer fees incurred on July 17, 2006 because Plaintiff called to cancel Mr. George's Monday deposition the Friday before it was scheduled to go forward. (Def. Supp., Ex. A, at 3.) Defendants' counsel agreed to "see what I could do" about moving the deposition and called Mr. George's counsel later in the afternoon to discuss the matter. Upon receiving that follow-up telephone call, Mr. George's attorney stated that he would call back later, but he never did. As a result, Defendants' counsel assumed that the George deposition would proceed on July 17, 2006. (Ex. C to Def. Second Supp. Submission.) On these facts, the court will award Defendants $36.30

6

for the 11 pages of deposition transcript on July 17, 2006 (11 pages x $3.30).  The court will also award $105 for the court reporter's attendance fee and $265.50 in videographer fees.

In sum, the court awards $1,476.52 for the July 25, 2006 George deposition ($589.77 in court reporting fees + $886.75 in videographer fees).  The court also awards $406.80 for the canceled July 17, 2006 George deposition.

### 3.    Maria Barraco

Defendants have requested $773.80 in court reporting fees, and $800 in videographer fees for the July 20, 2006 deposition of Maria Barraco.  The court reporting fees include: (1) 95 transcript pages at $3.85 per page; (2) $34.50 for a word index; (3) $147.25 for an ASCII diskette; and (4) $92.30 for a TotalTranscript package.  (Ex. B to Def. Second Supp. Submission.)  The court awards $313.50 for the deposition transcript (95 pages x $3.30), but disallows the expenses for a word index, ASCII diskette and TotalTranscript package.  *See Fairley*, 2008 WL 961592, at *5; *Pruitt*, 2005 WL 2483355, at *2.  Absent any objection from Plaintiff regarding the $800 in videographer fees, the court concludes that this amount is reasonable and recoverable.  *Little*, 514 F.3d at 702.  Thus, Defendants are awarded $1,208.25 for the Barraco deposition ($408.25 in court reporting fees + $800 in videographer fees).

### 4.   Summary of Court Reporter and Transcript Fees

In sum, Defendants may recover $4,364.99 in court reporter and transcript fees, including (1) $1,273.42 for the Jurgens deposition; (2) $1,883.32 for the George deposition; and (3) $1,208.25 for the Barraco deposition.

### C.   Witness Fees

Defendants next seek to recover a witness fee of $40 for the First Personal Bank in Orland Park, Illinois; a witness fee of $40 plus $12.13 in mileage fees for Roland Jurgens ($52.13 total); a witness fee of $40 plus $33.30 in mileage fees for Maria Barraco ($73.30 total); and a witness fee of $40 for Larry George.   (Amended Bill of Costs, Ex. F to Def. Reply; Ex. 4 to Def. Supp. Submission.)   The court finds these $205.43 in fees reasonable and recoverable in this case.

### D.   Copying Costs

Section 1920(3) allows costs for "fees and disbursements for printing and witnesses."  28 U.S.C. § 1920(3).  Under § 1920(4), moreover, a prevailing party need not "submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." *Black and Decker v. Bosch Tools*, No. 04 C 7955, 2006 WL 3883921, at *3 (N.D. Ill. Nov. 20, 2006) (quoting *Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991)).   Defendants are claiming $2,773.90 in copying costs, including (1) $81 for approximately 298 documents copied from the Clerk of the Circuit Court of Cook County; (2) $138.75 for documents copied from First Personal Bank; (3) $558 for certified copies of documents through Corporation Service Company ("CSC"); (4) $394.25 for 1,577 pages of documents copied from E Work - Glass Work at $0.25 per page; and (5) $1,601.90 for in-house copies at $0.15 to $0.20 per page.

For purposes of § 1920, copy fees between $.10 and $.20 per page are reasonable.  *See Harkins v. Riverboat Servs., Inc.*, 286 F. Supp. 2d 976, 982 (N.D. Ill. 2003); *Shanklin Corp. v. American Packaging Machinery, Inc.*, No. 95 C 1617, 2006 WL 2054382, at *4 (N.D. Ill. July 18,

2006) (per page copy rates between $0.10 and $0.20 are reasonable). The in-house copies all fall within this range and are fully recoverable. The $558 fee for certified copies of documents through CSC includes $18 for a priority overnight letter. This amount is not recoverable and will be deducted from the total. As for the remaining copy fees, the court has reviewed the invoices submitted and agrees that they are properly recoverable in this case. Thus, Defendants are awarded $2,755.90 in copying fees.

### E.      Summary of Costs

To summarize, Defendants are awarded $7,980.32 in costs: (1) $654 for service of summons and subpoena; (2) $4,364.99 for court reporter and transcript fees; (3) $205.43 for witness fees; and (4) $2,755.90 for copying expenses.

## II.      Motion for Attorneys' Fees

In addition to their costs, Defendants also seek to recover $703,506.49 in attorneys' fees and certain non-taxable costs.[2]  As a preliminary matter, Defendants concede that they have not complied with the procedures set forth in Local Rule 54.3, which contemplates that parties will "meet and confer and attempt in good faith to agree on the amount of fees . . . that should be awarded prior to filing a fee motion." (Def. Mot. ¶ 1.)  According to Defendants, it would be futile to engage in the meet and confer process because there is an "acrimonious relationship between the parties, who are represented by siblings who are involved in two other pending litigations," and "[t]heir relationship has completely deteriorated to the point where the two do not speak." (*Id.*)  In addition, Plaintiff's attorney has withdrawn from the case and the company has not retained substitute counsel. (*Id.*)

---

[2]      "Courts in this District have held that computerized legal research expenses may be reimbursable, so long as reasonably incurred, although as part of an attorneys' fee award rather than as costs." *Medline Indus., Inc. v. Medline Prods. Co.*, No. 03 C 7255, 2004 WL 1921020, at *6 (N.D. Ill. July 8, 2004).

Under these circumstances, the court agrees that it would not be in the interest of any party to follow the dictates of Local Rule 54.3. *See Pasternak v. Radek*, No. 07 C 2858, 2008 WL 2788547, at *1 (N.D. Ill. Apr. 24, 2008) (court opted out of Local Rule 54.3 "based on its view that the sometimes cumbersome and time-consuming tasks contemplated under that Rule would only exacerbate what appeared to be a festering dispute over the amount of fees claimed, because it would increase the amount of work required by both sides' counsel.")   The court will thus proceed to a determination whether Defendants are entitled to attorneys' fees in this case.

### A.   Entitlement to Fees

The general rule in the United States is that absent legislation to the contrary, litigants must bear their own attorneys' fees. *See Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975). *See also Gautreaux v. Chicago Housing Auth.*, 491 F.3d 649, 655 (7th Cir. 2007). Defendants claim that notwithstanding this "American Rule," they are nonetheless entitled to fees because Plaintiff has both acted in "bad faith" and filed an "oppressive" lawsuit.   The court considers each theory in turn.

### 1.   "Bad Faith"

Defendants first argue that attorneys' fees are warranted because Plaintiff acted in bad faith. "[I]t is well-settled that the district court may award attorneys' fees to a successful litigant when the opposing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . .'" *Sanderson v. Spectrum Labs, Inc.*, 248 F.3d 1159 (7th Cir. 2000) (quoting *F.D. Rich Co. v. United States for Use of Indus. Lumber Co.*, 417 U.S. 116, 129 (1974)).   The Seventh Circuit has stated, however, that "[t]he inherent authority of federal courts to punish misconduct before them is not a grant of authority to . . . undermine the American Rule on the award of attorneys' fees to the prevailing party in the absence of statute." *Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Co.*, 313 F.3d 385, 390-91 (7th Cir. 2002).   The "residual authority" to award fees must be "exercised sparingly, to punish misconduct (1) occurring in the litigation itself . . . ., and (2) not

10

adequately dealt with by other rules, most pertinently here Rules 11 and 37 of the Federal Rules of Civil Procedure." *Id.* at 391.  *See also Bender v. Freed*, 436 F.3d 747, 751 (7th Cir. 2006) ("The principle underlying . . . the bad faith exception to the American Rule is that in a system requiring each party to bear its own fees and costs, courts will ensure that each party really *does* bear the costs and does not foist expenses off on its adversaries.") (internal quotations omitted).

Defendants argue that Plaintiff acted in bad faith by repeatedly failing to respond to discovery requests, and continually avoiding the deposition of its owner, Rose.  Defendants note that they filed two motions to compel but never obtained complete discovery responses.  (Def. Mot. ¶ 19.)  Not surprisingly, Defendants have cited no authority for the proposition that Plaintiff's above conduct amounts to bad faith such that Defendants should receive an award of attorneys' fees.  Notably, Defendants never filed a motion for sanctions under Rule 37, nor do they suggest that Plaintiff violated Rule 11.  Any alleged misconduct occurring during discovery could have been "dealt with" by these other rules and, thus, Defendants are not entitled to attorneys' fees on this basis.  *Zapata Hermanos Sucesores, S.A.*, 313 F.3d at 391.

Defendants also find "bad faith" in the fact that "Plaintiff caused Defendants to spend hundreds of thousands of dollars in legal fees only to completely walk away from the case nearly three years after filing the case."  (Def. Mot. ¶ 10.)  In Defendants' view, "the attorneys' fees spent on this case were spent for no reason," and they "should be recompensed for three years of fees spent defending against a case that Plaintiff did not see through to the end."  (*Id.* ¶¶ 10, 11.)  In support of this theory, Defendants cite *Kersh v. Borden Chemical, a Div. of Borden, Inc.*, 940 F.2d 660 (Table) (6th Cir. 1991), in which the Sixth Circuit affirmed an award of attorneys' fees to the defendant because the plaintiff "acted in bad faith during the entire course of the litigation."  *Id.* at *1.  In reaching this conclusion, the court explained that the record was "replete with instances where [the plaintiff] blatantly disobeyed court orders," and that the plaintiff had "exhibited a clear pattern of delay and harassment."  *Id.*  For example, the defendant "was forced to compel each

11

aspect of discovery" over an approximately six-year period; the plaintiff "failed to appear on numerous trial dates"; and "the suit was ultimately dismissed . . . because of [the plaintiff's] dilatory tactics." *Id.* On these facts, the Sixth Circuit concluded that an award of attorneys' fees was warranted. *Id.*

In this case, there is no extended pattern of dilatory conduct or failure to comply with court orders. To the contrary, the parties worked hard to reach a settlement agreement both with this court and a private mediator. As a result, discovery did not even begin until late March 2007. (Minute Order of 3/22/07, Doc. 70.) Defendants filed only two motions to compel discovery, and Plaintiff missed only one court hearing on March 6, 2008. (Minute Order of 3/6/08, Doc. 103.) In addition, the court dismissed the case because Plaintiff did not obtain substitute counsel between December 18, 2007 and February 7, 2008, not because of any dilatory conduct. (*Id.*) This hardly amounts to "a clear pattern of delay and harassment" sufficient to support a "bad faith" award of attorneys' fees. *Cf. Kersh*, 940 F.2d 660. Defendants' motion for fees on the theory that Plaintiff acted in bad faith is therefore denied.

### 2.  Lanham Act

Defendants next argue that they are entitled to an award of attorneys' fees under § 1117 of the Lanham Act, which "permits the court to award fees to the prevailing party 'in exceptional circumstances.'" *Central Mfg., Inc. v. Brett*, 492 F.3d 876, 883 (7th Cir. 2007). Where, as here, the defendant is the prevailing party, "the standard is not whether the claimant filed suit in good faith but rather whether plaintiff's action was oppressive." *S Indus., Inc. v. Centra 2000, Inc.*, 249 F.3d 625, 627 (7th Cir. 2001). "A suit is oppressive if it lacked merit, had elements of an abuse of process claim, and plaintiff's conduct unreasonably increased the cost of defending against the suit." *Id.* The decision whether to award attorneys' fees under the Lanham Act is "committed to the trial court's sound discretion." *Id.*

Defendants claim that Plaintiff's suit was oppressive because the company (1) failed to satisfy its discovery obligations; (2) was unprepared to go forward with the case; (3) failed to retain new counsel as ordered by the court; and (4) filed claims that were wholly lacking in merit.  (Def. Mot. ¶ 18.)  Defendants direct the court to *S Industries*, in which a district court awarded attorneys' fees to the defendant following a grant of summary judgment in its favor.  In making this award, the court determined that the plaintiff's claims of trademark infringement were unfounded, and that "its procedural maneuvering multiplied the cost of defending the suit."  *Id.* at 626.  For example, a year after the award was granted, the plaintiff filed a baseless motion to dismiss it, then moved for a final determination of the fee award and failed to appear at the scheduled hearing.  *Id.*

On appeal, the Seventh Circuit affirmed the award, noting the district court's finding that the plaintiff had no federal registration for its mark and, thus, no federally protected right to defend.  *Id.* at 627.  The court also stressed that the plaintiff "added to the cost and aggravation of this meritless litigation by not responding to discovery requests, repeatedly failing to properly serve or sign motions filed with the court, and failing to satisfy the requirements of the local rules of the district court."  *Id.* at 627-28.  In the Seventh Circuit's view, the district court "acted well within [its] discretion in granting attorneys' fees."  *Id.* at 627.

The court finds the circumstances of *S Industries* easily distinguishable from this case.  First, unlike in *S Industries*, this court never had occasion to assess the merits of Plaintiff's trademark claims.  *See, e.g., Illinois Tool Works, Inc. v. Chester Bros. Machined Prods., Inc.*, No. 05 C 5002, 2007 WL 2278448, at *4 (N.D. Ill. Aug. 6, 2007) (denying request for attorneys' fees based on theory that the plaintiff fraudulently procured its trademark registration where "[t]he fraud claim was not . . . decided on the merits during the lawsuit.")  Defendants' unsupported assertion that Plaintiff "had neither a federally registered mark nor a famous common law mark to defend" in no way establishes that Plaintiff's lawsuit was legally meritless.  (Def. Mot. ¶ 18.)  *See Southern Illinois Laborers' and Employers Health and Welfare Fund v. Pfizer Inc.*, No. 06 C 1818, 2007 WL

13

4557100, at *5 (N.D. Ill. Dec. 21, 2007) (citing *United States v. Stevens*, 500 F.3d 625, 628-29 (7th Cir. 2007)) ("Counsel's argument in a brief, unsupported by evidence, is not sufficient to sustain a burden of providing evidence.")

That leaves Defendants' objection that Plaintiff engaged in discovery misconduct and failed to obtain substitute counsel as ordered by the court.  The court concludes that these matters are insufficient to establish that Plaintiff's lawsuit was "oppressive" within the meaning of the Lanham Act.  As noted earlier, Defendants filed only two motions to compel during the course of discovery; Defendants never moved for, nor were they awarded any sanctions; and Plaintiff missed only one court hearing on March 6, 2008.  There is no suggestion that Plaintiff either failed to properly serve and sign motions, disregarded the federal rules, or otherwise engaged in a pattern of harassing conduct.  *Compare TE-TA-MA Truth Foundation-Family of URI, Inc. v. World Church of the Creator*, 392 F.3d 248, 263-64 (7th Cir. 2004) (trademark case was exceptional for purposes of an award of attorneys' fees where the record disclosed "considerable evidence [of] harassment" that was "particularly egregious because much of it consisted of explicit threats of violence and thus was tortious or even criminal in nature.")  Defendants' motion for fees under the Lanham Act is denied.

**B.    Reasonableness**

Having determined that Defendants are not entitled to attorneys' fees in this case, the court need not assess whether the requested amount is reasonable.

## **CONCLUSION**

For the reasons stated above, Defendants are awarded $7,980.32 in costs.  Defendants'
motion for attorneys' fees [Doc. 108] is denied.

ENTER:

Dated: October 10, 2008

_____
NAN R. NOLAN
United States Magistrate Judge